IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR J. JENKINS,
    Plaintiff,

vs.                                                   Case No.: 3:14cv480/RV/EMT

VINCE WHIBBS AUTOMOTIVE GROUP,
ROBERT MEAD WHIBBS, and
CLINT FITCH,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This case filed pursuant to 42 U.S.C. § 1983 is now before the court on Plaintiff's Amended Complaint (doc. 7).  Plaintiff, a non-prisoner proceeding pro se, has been granted leave to proceed in forma pauperis in this case (doc. 9).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Amended Complaint, the court concludes that the facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff alleges that he entered the automobile dealership at which Defendants are employed, wanting to purchase five automobiles for his business, identified as Blackfoot Nation Records. Plaintiff claims he was not allowed to take a test drive of any vehicles, nor was he awarded a business discount or the "Kelley Blue Book Price" for any of the vehicles (doc. 7 at 3).[1] Defendants allegedly used a racial epithet, apparently told Plaintiff he was intoxicated, and told Plaintiff to leave the car lot.

Plaintiff claims that Defendants violated his rights under the First, Fourth and Eighth Amendments. As relief, he requests that the property upon which the automobile dealership sits and all the automobiles on the lot be awarded to him.

It is well established that in any section 1983 action, two essential elements must be present:

1. The conduct complained of was committed by a person acting under color of state law; and

2. The conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). Absent unusual circumstances, a private party does not act under color of state law and is therefore not subject to suit under section

---

[1] The Court notes that Plaintiff, in his motion for leave to proceed in forma pauperis, indicated that he had no money and no sources of income (doc. 8).

Case No: 3:14cv480/RV/EMT

1983.  *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

None of these exceptional circumstances are present in the instant case.  There is no question that Defendants, all of whom work for a private establishment, the automobile dealership, were simply acting as private parties at all times relevant to the complaint.  Thus, Plaintiff cannot state a claim against them under section 1983.  His complaint should therefore be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 14th day of November 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**